Leopoldo CARDENAS, Plaintiff—
Appellant,

v.

Kenneth A. RAY, Director; et al.,
Defendants—Appellees,

and

James M. Lewis, et al., Defendants.

No. 05–35233.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2006.*

Filed April 10, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Leopoldo Cardenas, Airway Heights, WA, pro se.

Alfred G. Schweppe, Meyer Fluegge & Tenney, PS, Yakima, WA, for Defendants–Appellees.

Before: HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Leopoldo Cardenas, a Washington state prisoner, appeals pro se from the district court's summary judgment, on remand, in favor of Yakima County Jail officials in his 42 U.S.C. § 1983 action alleging violations of his due process rights on December 22, 25 and 30, 1998, and January 6 and 30, and August 9, 1999. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Mitchell v. Dupnik*, 75 F.3d 517, 521 (9th Cir.1996), and we may affirm on any basis supported by the record, *United States v. Washington*, 969 F.2d 752, 755 (9th Cir. 1992). We affirm.

The district court did not err when it granted summary judgment in favor of defendants because Cardenas did not present evidence that any of the named defendants made the determination to send him to disciplinary segregation without a hearing on December 22, 1998. *See Redman v. County of San Diego*, 942 F.2d 1435, 1446, 1449 (9th Cir.1991).

Regarding the December 25, 1998 incident, Cardenas did not name the correctional officers involved in the incident and did not make a sufficient showing under *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), to demonstrate that the members of the Jail's classification board could be liable.

Regarding the December 30, 1998 incident and the January 6, 1999 proceeding, Cardenas did not offer evidence from which a reasonable jury could conclude that the Jail hearing officials refused to permit him to call witnesses. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Cardenas also contends that he was improperly placed in disciplinary segregation prior to the January 6, 1999 hearing, but he did not name the officer who made the determination to segregate him without a hearing. *See Redman*, 942 F.2d at 1446.

Regarding the January 30 and August 9, 1999 proceedings, we are not persuaded by Cardenas' contention that officials violated his rights when they refused to tape record the proceedings. *See Mitchell*, 75 F.3d at 526 (finding no violation when prison officials refused to record a disciplinary hearing).

Regarding the August 9, 1999 proceeding, Cardenas did not offer evidence from which a reasonable jury could conclude that the officials at the hearing refused to consider his five-page statement. *See Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

Cardenas' remaining contentions, including those regarding failure to train and supervise, and judicial bias, are also without merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.